## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT LOUISVILLE

**KEITH FIELDS**                                                                                   **PETITIONER**

**v.**                                              **CIVIL ACTION NO. 3:08-CV-P228-R**

**STEVE HANEY, Warden**                                                       **RESPONDENT**

### MEMORANDUM OPINION

The petitioner, Keith Fields, filed this action pursuant to 28 U.S.C. § 2254, seeking a writ of habeas corpus (DN 1). On preliminary consideration under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court ordered the petitioner, within 30 days, to show cause why his petition should not be denied and his action dismissed as untimely. More than 30 days have passed, and the petitioner has not complied with this Court's Order.

In the present case, the petitioner's conviction became final, for purposes of the AEDPA's statute-of-limitations period, on March 17, 2000, 30 days after the trial court entered judgment and the last date that he could have filed an appeal under Rule 12.04(3) of the Kentucky Rules of Criminal Procedure. Thus, he had until March 17, 2001,[1] to file his petition for writ of habeas corpus in this Court unless there was a time-tolling collateral attack pending in state court. 28 U.S.C. § 2244(d)(2); *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001).

According to the petitioner's petition, he did not file any time-tolling collateral attacks of his state court conviction until February 4, 2003, almost two years after the applicable limitations period had expired. His filing a Rule 11.42 post-conviction motion did not restart the one-year statute of limitations for filing his federal habeas petition. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003). As the Sixth Circuit opined, "[t]he tolling provision does not . . . 'revive' the

---

[1] The Court notes that March 17, 2001, was a Saturday. Therefore, the petitioner had until Monday, March 19, 2001, to file his petition. FED. R. CIV. P. 6(a).

limitations period (*i.e.*, restart the clock at zero); it can only serve to pause a clock that has not yet fully run.  Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations."  *Id.* at 602 (quoting *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y 1998)) (internal quotation marks omitted).  Thus, when the petitioner finally sought post-conviction relief from the Jefferson Circuit Court on February 4, 2003, there was nothing left of the one-year statute of limitations to toll.

The petitioner has offered no reason why his § 2254 petition should be considered timely.  Consequently, for the reasons stated in this Court's Order (DN 6), the Court finds that the petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 must be denied as untimely under 28 U.S.C. § 2244(d).

## CERTIFICATE OF APPEALABILITY

An individual who unsuccessfully petitions for writ of habeas corpus in a federal district court and subsequently seeks appellate review must secure a certificate of appealability ("COA") from either "a circuit justice or judge" before the appellate court may review the appeal.  28 U.S.C. § 2253(c)(1).  A COA may not issue unless "the applicant has made a substantial showing of the denial of a constitutional right."  § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000).

When a district court denies such a motion on procedural grounds without addressing the merits of the petition, a COA should issue if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack*, 529 U.S. at 484.

When a plain procedural bar is present and a court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the court erred in dismissing the petition or that the petitioner should be allowed to proceed further.  *Id.*  In such a case, no appeal is warranted.  *Id.*  The Court is satisfied that no jurist of reason could find its procedural ruling to be debatable.  Thus, no certificate of appealability is warranted in this case.

The Court will enter an order consistent with this memorandum.

Date:

cc:	Petitioner, *pro se*
	Respondent
	Attorney General, Commonwealth of Kentucky, Office of Criminal Appeals,
	   1024 Capital Center Drive, Frankfort, KY 40601
4413.009